# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | |
|---|---|
| YVONNE RODRIGUEZ<br>c/o Hux Law Firm, LLC<br>3 Severance Circle #18147<br>Cleveland Heights, OH 44118<br><br>Plaintiff,<br><br>v.<br><br>HILLSTONE EJ RA HOLDINGS, LLC.<br>D.B.A. ROCKY RIVER HEALTHCARE OF WESTPARK<br>c/o Paul Bergsten<br>544 Enterprise Drive<br>Lewis Center, Ohio 44035<br><br>Defendant. | CASE NO.<br><br>JUDGE:<br><br><br><br><br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>**JURY DEMAND ENDORSED HEREIN** |

Plaintiff, Yvonne Rodriguez, by and through undersigned counsel, as her Complaint against the Defendant, states and avers the following:

## PARTIES

1. Plaintiff Rodriguez is a resident of the City of Lorain in Lorain County, Ohio. §

2. Defendant Hillstone EJ RA Holdings, LLC dba Rocky River Healthcare of Westpark ("RRHW") is a domestic limited liability corporation conducting business at 4650 Rocky River Road, Cleveland, Ohio 44035.

## JURISDICTION AND VENUE

3. Personal jurisdiction is proper over Defendants pursuant to 28 U.S.C § 1331 in that Rodriguez is alleging a federal law claim arising under the Age Discrimination in Employment Act of 1967, 29 U.S.C. §621, *et al.* ("ADEA") and the Americans with Disabilities Act of 1990, as amended, 43 U.S.C. § 12101, *et seq* ("ADA").

4. Venue is properly placed in the United States District Court for the Northern District of Ohio, Eastern Division, because it is the district court for the district, division, and county within which the Defendant operates and conducts business.

5. Prior to instituting this action, Rodriguez filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), Charge No. 532-2020-02204, alleging that Defendant and its agents had harassed and subjected her to disparate treatment because of her age and disability.

6. Rodriguez was mailed her Right to Sue Notice from the EEOC on or about January 27, 2021.

7. A true and accurate copy of Rodriguez's Right to Sue Notice is attached as Exhibit 1.

8. Rodriguez has properly exhausted her administrative remedies pursuant to 29 U.S.C. § 626(e).

9. This Court is a court of general jurisdiction over the claims presented herein, including all subject matters of this Complaint.

10. This Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367 over all other claims in this Complaint because they arise out of the same case or controversy.

## FACTS

11. Rodriguez is a former employee of RRHW.

12. On or about February 25, 2020, RRHW hired Rodriguez to serve as Director of Nursing ("DON").

13. As the DON for RRHW, Rodriguez's responsibilities included but were not limited to report generation, hiring nurses, developing care plans, scheduling nurses for shift and overall administration of nursing department.

14. On or about April 7, 2020, Lindsay Patyak, the administrator at RRHW, was tested for COVID-19, due to a possible exposure at another facility.

15. Despite later finding out that she tested positive for COVID-19, Paytak failed to quarantine and continued to show up at RRHW without a mask.

16. On or about April 27, 2020, after being exposed to Paytak on numerous occasions, Rodriguez tested positive for COVID-19.

17. After Rodriguez contracted COVID-19, she became seriously ill.

18. COVID-19 seriously affected Rodriguez's ability to do work without an accommodation.

19. Rodriguez was forced to quarantine for 34 days while she recovered from COVID-19.

20. Although Rodriguez was quarantined at home, she continued to work for RRHW.

21. While Rodriguez worked from home, she was able to complete her regular reports, hire nurses, develop care plans and schedule nurses for shifts for RRHW.

22. During her quarantine, Rodriguez did not receive any write ups or disciplinary actions about the inability to complete her daily tasks from RRHW.

23. On or about May 13, 2020, while Rodriguez was still in quarantine, RRHW hired an interim DON.

24. The interim DON's last day was supposed to be May 22, 2020.

25. The interim DON was in her 30's while Rodriguez was over 40 years old.

26. The interim DON was significantly less experienced than Rodriguez.

27. On or about May 21, 2020, Rodriguez returned to work.

28. On or about May 22, 2020, RRHW terminated Rodriguez.

29. RRHW's pretextual reasons for termination were Rodriguez's failure to complete reports, role in the increased employee turnover, and her tendency to "incite panic" with the staff.

30. Rodriguez's termination is not rooted in any legitimate business reason.

## COUNT I:

## **DISABILITY DISCRIMINATION IN VIOLATION OF ADA**

31. Rodriguez restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

32. Rodriguez suffered from COVID-19, a disability.

33. Rodriguez was disabled.

34. In the alternative, Defendant perceived Rodriguez as being disabled because she contracted COVID-19.

35. Rodriguez's condition constituted a physical impairment.

36. Rodriguez's condition substantially impaired one or more of her major life activities including working.

37. Defendant perceived Rodriguez's condition to substantially impair one or more of her major life activities including working.

38. Defendant treated Rodriguez differently than other similarly-situated employees based on her disabling condition.

39. Defendant treated Rodriguez differently than other similarly-situated employees based on her perceived disabling condition.

40. Defendant violated the ADA by discriminating against Rodriguez based on her disabling condition or her perceived disabling condition when it terminated her after she returned from quarantine after contracting COVID-19.

41. As a direct and proximate cause of Defendant's conduct, Rodriguez suffered and will continue to suffer damages.

## COUNT II:

## **DISABILITY DISCRIMINATION IN VIOLATION OF R.C. §4112.02**

42. Rodriguez restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

43. Rodriguez suffered from COVID-19, a disability.

44. Rodriguez was disabled.

45. In the alternative, Defendant perceived Rodriguez as being disabled because she contracted COVID-19.

46. Rodriguez's condition constituted a physical impairment.

47. Rodriguez's condition substantially impaired one or more of her major life activities including working.

48. Defendant perceived Rodriguez's condition to substantially impair one or more of her major life activities including working.

49. Defendant treated Rodriguez differently than other similarly-situated employees based on her disabling condition.

50. Defendant treated Rodriguez differently than other similarly-situated employees based on her perceived disabling condition.

51. Defendant violated R.C. §4112.02 by discriminating against Rodriguez based on her disabling condition or her perceived disabling condition when it terminated her after she returned from quarantine after contracting COVID-19.

52. As a direct and proximate cause of Defendant's conduct, Rodriguez suffered and will continue to suffer damages.

## COUNT III:

### AGE DISCRIMINATION IN VIOLATION OF ADEA

53. Rodriguez restates each and every prior paragraph of this complaint, as if it were fully restated herein.

54. At all relevant times, Rodriguez was an "employee" as defined by the ADEA.

55. At all relevant times, Defendant was an "employer" as defined by the ADEA.

56. Rodriguez is over 40 years old.

57. At all times relevant, Rodriguez was a member of a statutorily-protected class under the ADEA.

58. Defendant treated Rodriguez differently from other similarly situated employees based on her age.

59. Defendant violated the ADEA by discriminating against Rodriguez based on her age when it replaced her with an interim DON who was less experienced and significantly younger than Rodriguez.

60. As a direct and proximate cause of Defendant's conduct, Rodriguez suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages.

**DEMAND FOR RELIEF**

WHEREFORE, Rodriguez demands from Defendant the following:

(a) Issue a permanent injunction:

   (i) Requiring Defendant to abolish discrimination, harassment, and retaliation;

   (ii) Requiring allocation of significant funding and trained staff to implement all changes within two years;

   (iii) Requiring removal or demotion of all supervisors who have engaged in discrimination, harassment, or retaliation, and failed to meet their legal responsibility to promptly investigate complaints and/or take effective action to stop and deter prohibited personnel practices against employees;

   (iv) Creating a process for the prompt investigation of discrimination, harassment, or retaliation complaints; and

   (v) Requiring mandatory and effective training for all employees and supervisors on discrimination, harassment, and retaliation issues, investigations, and appropriate corrective actions;

(b) Issue an order requiring Defendant to restore Rodriguez to one of the positions to which she/he was entitled by virtue of his/her application and qualifications, and expunge his personnel file of all negative documentation;

(c) An award against each Defendant of compensatory and monetary damages to compensate Rodriguez for physical injury, physical sickness, lost wages, emotional distress, and other consequential damages, in an amount in excess of $25,000 per claim to be proven at trial;

(d) An award of punitive damages against each Defendant in an amount in excess of $25,000;

(e) An award of reasonable attorneys fees and non-taxable costs for Rodriguez claims as allowable under law;

(f) An award of the taxable costs of this action; and

(g) An award of such other relief as this Court may deem necessary and proper.

                                              Respectfully submitted,

                                              _____
James J. Hux (0092992)
**HUX LAW FIRM, LLC**
3 Severance Circle #18147
Cleveland Heights, Ohio 44118
Phone: (937) 315-1106
Fax:    (216) 359-7760
Email: jhux@huxlawfirm.com

*Attorney for Plaintiff*

## JURY DEMAND

Plaintiff Yvonne Rodriguez demands a trial by jury by the maximum number of jurors permitted.

                                                                                                               _____
                                                                                                               James J. Hux (0092992)